U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMINIQUE GORE and
TASHIE WHITE
    Plaintiffs,                                           CASE NO.:

v.                                                                 HON.

PO BRANDYN PATTON, PO ZACHARY BIGGS,
in their individual and official capacities, and
CITY OF DETROIT, Jointly and Severally,

_____/

BRANDON MCNEAL (P81300)
KHAMO LAW
Attorney for Plaintiffs
1120 E. Long Lake Road, Suite 250
Troy, MI 48085
248-466-0606 / 248-466-0605 Fax
brandon@khamolaw.com

_____/

**COMPLAINT and JURY DEMAND**

There is no other pending or resolved cases between these parties or other parties arising from the transaction or occurrence alleged in the complaint.

/s/ Brandon K. McNeal
Brandon K. McNeal (P81300)

**NOW COMES** Plaintiffs, by and through their attorneys, and for their Complaint against the Defendants states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. At all pertinent times, Dominique Gore and Tashie White [hereafter Plaintiffs] were residents of Wayne County, and a citizens of the State of Michigan.

2. PO Brandyn Patton, and PO Zachary Biggs [hereafter Individual Defendants] were citizens of the State of Michigan, and at all pertinent times worked and were employed by the City of Detroit in Wayne County, Michigan.

3. Individual Defendants were at all pertinent times employed by the City of Detroit and were, at all times pertinent, acting under color of state law.

4. City of Detroit is a municipal corporation organized and existing under the constitution and laws of the State of Michigan.

5. Plaintiffs bring this action under the laws of the State of Michigan, the United States Constitution, and 42 U.S.C. §1983.

6. Venue is appropriate because the events giving rise to this action occurred entirely in Wayne County, Michigan.

7. The amount in controversy exceeds in this action exceeds Seventy-Five Thousand Dollars ($75,000) and is otherwise within this Court's subject matter jurisdiction.

## FACTUAL ALLEGATIONS

8. On or about January 17, 2021, Plaintiffs were sitting in a parked vehicle in the driveway of 19756 Ferguson St, Detroit, Michigan.

9. Plaintiffs were at the above-mentioned location to view a rental property along with their minor children.

10. While waiting for the property owner to arrive, Individual Defendants approached Plaintiffs and began questioning them without any reasonable suspicion or probable cause.

11. Plaintiffs informed Individual Defendants of their purpose in being at the location and their frustration with Individual Defendants' harassment, profiling, etc.

12. Individual Defendants subsequently became upset and began retaliating against Plaintiffs.

13. Individual Defendants made false police reports and accusations against Plaintiffs, exerted excessive force against Plaintiffs, and wrongfully arrested Plaintiffs.

14. The excessive force, false reports and false accusations were retaliation for Plaintiffs' exercise of their clearly established 1st Amendment Constitutional rights and in violation of their clearly established 4th Amendment rights.

15. Individual Defendants falsely arrested Plaintiffs and exerted excessive force against Plaintiffs, causing injury to Plaintiffs.

16. Plaintiffs' Constitutional rights not to be wrongfully seized, arrested, imprisoned, retaliated against, maliciously prosecuted and subjected to excessive force were clearly established.

17. Based upon their fabricated and false information, Individual Defendants brought criminal charges against Plaintiffs.

18. Individual Defendants acted in bad faith in stopping, seizing, imprisoning, arresting, prosecuting, and exerting excessive force upon Plaintiffs.

19. Except for the improper conduct, false information, and the fabrication of evidence by Individual Officers, no probable cause existed to charge Plaintiff with any crimes.

20. The conduct of City of Detroit:

    a. Established or condoned customs, policies and/or practices pursuant to which Individual Officers violated Plaintiffs' well-established Constitutional rights;

    b. Failed to properly train, discipline and/or supervise Individual Officers or their supervisors such that they violated Plaintiffs' well-established Constitutional rights;

    c. Denied Plaintiffs fair treatment during the investigation; and

    d. Ratified, condoned, and/or permitted the conduct of Individual Defendants;

21. The conduct of the Individual Defendants:

    a. Retaliated against Plaintiffs for exercise of their 1st Amendment rights;

    b. Fabricated evidence to create probable cause against Plaintiffs in violation of his 4th Amendment rights;

    c.    Wrongfully handcuffed and arrested Plaintiffs in violation of their 4th Amendment rights ;

    d.    Exerted excessive force against Plaintiffs;

    e.    Caused and maintained a false arrest and false imprisonment;

    f.    Made Plaintiffs' condition worse after taking them into their custody and control;

    g.    Intentionally caused serious emotional distress;

22. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered injuries and damages including, but not limited to:

    a.    Economic damages, past and future;

    b.    Pain and suffering, physical injury;

    c.    Loss of society and companionship;

    d.    Fear, anxiety, humiliation, and shame;

    e.    Serious emotional distress; and

    f.    Cost of past and future medical.

## COUNT I
## 42 U.S.C. 1983 & 1985 AGAINST INDIVIDUAL DEFENDANTS

23. Plaintiffs hereby re-allege and incorporate herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

24. The Individual Defendants' actions were done in their individual capacities, and under color of state law.

25. The Individual Defendants' actions violated clearly established rights of the Plaintiffs including, but not limited to:

    a.    The right to be free for from retaliation for protected speech (1st and 14th Amendment);

    b.    The right to be free from wrongful arrest, wrongful imprisonment, and use of excessive force (4th and 14th Amendment);

  c.  The right to be free from malicious prosecution (4th and 14th Amendment);

  d.  The right to be free from excessive force (4th Amendment);

26. As a direct and proximate result of the Individual Defendants' actions, Plaintiffs suffered injury and damages including, but not limited to those set forth in paragraph 22.

**WHEREFORE**, Plaintiffs claims judgment against Individual Defendants in the amount more than Seventy-Five Thousand Dollars ($75,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

## COUNT II
## MUNICIPAL LIABILITY AGAINST DEFENDANT CITY OF DETROIT UNDER 42 USC 1983

27. Plaintiffs hereby re-allege and incorporate herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

28. At all times herein, Defendant City of Detroit, with deliberate indifference to the constitutional rights of the Plaintiff and other similarly situated individuals, established, promulgated, implemented, and maintained the following customs, policies, or practices that were a proximate cause and a moving force in violations of the Plaintiff's rights under the United States Constitution:

  a.  Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to the appropriate and necessary bases for use of force, arrest and prosecution;

  b.  Hiring and/or retaining as law enforcement officers and supervisors certain persons whom the Defendant City of Detroit knew or had actual notice retaliating for exercise of protected 1st Amendment rights, using excessive force, arresting without probable cause, and prosecuting individuals without probable cause;

  c. Failing to intervene when it knew of retaliation, improper excessive force, wrongful arrest, and continuation of prosecution of individuals lacking probable cause;

  d. Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the continuing retaliation, use of excessive force, arrest without probable cause, prosecution of individuals without probable cause;

  e. Routinely pursuing and continuing prosecutions when it was known they lacked probable cause;

  f. Routinely concealing, covering up, and hiding evidence of wrongdoing by law enforcement officers employed by the Defendant City of Detroit;

29. Each of the customs, policies, or practices was known to Defendant City of Detroit as highly likely and probable to cause violations of the United States constitutional rights of Plaintiffs and other individuals subject to continued prosecution without probable cause, and each was a moving force in the violations of the Plaintiffs' United States constitutional rights, as set forth herein.

30. As a direct and proximate result of Defendants' actions, Plaintiff suffered injury and damages including those set forth in paragraph 22.

  **WHEREFORE**, Plaintiffs claims judgment against Defendant City of Detroit in the amount more than Seventy-Five Thousand Dollars ($75,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

**COUNT III**
**LIABILITY UNDER STATE LAW**

31. Plaintiffs hereby re-allege and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

32. Individual Defendants were at all times relevant hereto performing ministerial-operational duties which did not involve significant decision-making, personal deliberation or judgment.

33. The minor decision making involved in Individual Defendants' actions at all times relevant hereto were merely incidental to the execution of said Individual Defendants' ministerial-operational duties.

34. At all times relevant hereto, Plaintiffs had the right under statutes, common law, rules, regulations and/or ordinances of the State of Michigan, to be free from the reckless, knowingly and/or intentionally tortious, willful, wanton, reckless and/or grossly negligent execution of ministerial-operational duties contrary to Michigan law and Michigan Constitution, by Individual Defendants.

35. At all times relevant hereto, Individual Defendants failed, notwithstanding their standard duty of due care to execute their said ministerial-operational duties in good faith, without negligence, recklessness, willfulness, wantonness, gross negligence and/or knowingly and/or intentional tortuous conduct, in a manner consistent with Michigan law, as follows, but not limited hereto:

    a. To act in good faith, while arresting Plaintiffs based on knowingly, recklessly and/or grossly negligently false information;

    b. To act in good faith, while prosecuting Plaintiffs based on knowingly, recklessly and/or grossly negligently false information;

    c. To act in good faith, while arresting and handcuffing Plaintiffs and exerting excessive force upon Plaintiff;

    d. To comply with all applicable statutes, laws, rules, regulations and/or ordinances, including but not limited to the Michigan laws.

36. Notwithstanding these duties, Individual Defendants, knowingly and intentionally while acting under color of law, violated, breached and/or failed to fulfill their ministerial duties to Plaintiff in a manner violative of Michigan law, Federal law and the United States Constitution, by acting in bad faith and engaging in <u>ultra vires</u> conduct.

37. Notwithstanding these duties, Individual Defendants knowingly failed to fulfill their ministerial duties while on duty and acting during their employment and/or authority, under color of law and pursuant to customs, policies and/or practices, wrongfully exerted excessive force upon Plaintiffs, falsely arrested, imprisoned and prosecuted Plaintiffs, in bad faith.

38. Notwithstanding these duties Individual Defendants deliberately, recklessly, willfully, wantonly, knowingly and/or intentionally violated, breached and failed to fulfill their ministerial duties to Plaintiffs, in bad faith, and in violation of the Michigan laws, including, but not limited to, the following:

    a. By wrongfully arresting, imprisoning, and prosecuting Plaintiffs without probable cause, based on knowingly, recklessly and/or grossly negligently false information provided by Individual Defendants.

    b. By exerting excessive force when arresting and handcuffing Plaintiffs, based on knowingly recklessly and/or grossly negligently false information provided by Individual Officers.

39. As a direct and a proximate result of Individual Defendants' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, in bad faith and violation of the Michigan laws, Plaintiffs were injured.

40. As a direct and a proximate result of Individual Defendants' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, all done in bad faith, Plaintiff suffered and continues to suffer serious and permanent personal

injuries, including physical and mental pain, mental anguish, severe emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, medical complications and a lesser leaning, liking and ability towards previous home, family, social, recreational and personal activities, all past, present and future, and any other damages listed in paragraph 22.

**WHEREFORE**, Plaintiff claims judgment against Individual Defendants in the amount more than Seventy-Five Thousand Dollars ($75,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

## COUNT IV
## GROSS NEGLIGENCE UNDER STATE LAW AGAINST INDIVIDUAL DEFENDANTS

41. Individual Defendants owed Plaintiff a duty of care, including but not limited to a:

    a. Duty to properly supervise other officers;

    b. Duty to provide protection for Plaintiff when he was in a helpless condition;

    c. Duty not to make Plaintiff's condition worse after taking him into their custody and control;

    d. Duty to properly assure the safety of Plaintiff when he was in their care;

    e. Duty to exercise reasonable care to perform an undertaking, after they undertook to render services to Plaintiff which they should have recognized as necessary for the protection of Plaintiff's person, and failed and, their failure to exercise such care increased the risk of such harm. Rest.2nd Torts § 323, §324A;

42. The actions of the Individual Defendants wantonly and recklessly, in gross negligence, violated the duties to Plaintiffs and disregarded Plaintiffs' rights.

43. The Individual Defendants' actions in acting with gross negligence and denying Plaintiffs' rights caused loss of rights and injury to the Plaintiffs.

44. The Individual Defendants' actions were in wanton, reckless and callous disregard to Plaintiffs' rights and to the injury to Plaintiff and were grossly negligent.

45. Under MCL 691.1407, citizens may maintain an action in tort against police officers whose actions constitute gross negligence and state granted immunity does not bar such a claim even when the officer is acting within the scope of his authority.

46. As a direct and proximate result of the Defendants' actions, Plaintiffs suffered injury and damages including, but not limited to, those set forth in paragraph 15.

**WHEREFORE**, the Plaintiffs claims judgment against Individual Defendants in the amount in excess of Seventy-Five Thousand Dollars ($75,000) which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

### COUNT V
### FALSE ARREST AND FALSE IMPRISONMENT AGAINST INDIVIDUAL DEFENDANTS

47. Plaintiffs hereby re-allege and incorporate herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

48. Individual Defendants caused and/or effected the wrongful seizure, arrest and imprisonment of Plaintiff without probable cause.

49. In full view of members of the community, Individual Defendants removed Plaintiffs from their vehicle and placed their in the backseat of a police vehicle, all the while verbally accusing Plaintiffs of the commission of a crime.

50. Individual Defendants physically restrained Plaintiffs and deprived them of their personal liberty and freedom of movement for a significant period of time.

51. Plaintiffs were conscious of their confinement at all times relevant hereto.

52. The imprisonment, arrest and restraint were against Plaintiffs' will.

53. Defendants accomplished the imprisonment and restraint by actual physical force, and the deprivation of Plaintiffs' liberty and freedom was intentional, unlawful, unprivileged, and without probable cause.

54. In addition to the initial restraint and deprivation of personal liberty and freedom of movement being unreasonable, the continued detention and investigation were unreasonable.

55. As a direct and proximate result of the Individual Defendants' actions, Plaintiffs suffered injury and damages including those set forth in paragraph 22.

**WHEREFORE**, the Plaintiffs claims judgment against Individual Defendants in the amount in excess of Seventy-Five Thousand Dollars ($75,000) which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

### COUNT IV
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAIST INDIVIDUAL DEFENDANTS

56. Plaintiffs hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

57. At all times relevant the Individual Defendants notwithstanding their standard duty of due care, owed to Plaintiffs the following duties, among others:

    a. To refrain from inflicting negligent, grossly negligent, bad faith, and/or intentional emotional distress on Plaintiffs;

    b. To refrain from subjecting Plaintiffs to unsubstantiated and false statements meant to create probable cause in bad faith;

    c. To refrain from subjecting Plaintiffs to emotional distress through use of excessive force, wrongful seizure and prosecution;

    d. To refrain from treating Plaintiffs in an extremely and outrageously abusive manner

58. The Individual Defendants negligently, grossly negligently, willfully, wantonly, knowingly and/or intentionally breached and continue to breach one or more of said duties by, among other things:

    a. Negligently, grossly negligently and/or intentionally, in bad faith, inflicting emotional distress upon Plaintiffs, by wrongfully, arresting, seizing, wrongfully prosecuting, wrongfully retaliating against protected speech, or wrongfully creating false statements against Plaintiffs;

    b. Negligently, grossly negligently, and/or intentionally, in bad faith, subjecting Plaintiff to unlawful arrest and detention and malicious prosecution;

    c. Negligently, grossly negligently and/or intentionally, in bad faith, subjecting Plaintiff to injury and pain resulting from use of wrongful seizure;

    d. Negligently, grossly negligently, and/or intentionally, in bad faith, treating Plaintiff in an extremely and outrageously abusive manner.

59. As a direct and a proximate result of said negligent, grossly negligent, reckless, willful, wanton, knowing and/or intentional misconduct, all done in bad faith, by the Individual Officers, in concert with Individual Defendants, Plaintiff suffered and continues to suffer serious and permanent personal injuries, including, physical and mental pain, mental anguish, emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, and a lesser leaning, liking and ability towards previous home, family, social, recreational and personal activities, all past, present and future, as well as any other damage listed in paragraph 22.

**WHEREFORE**, the Plaintiff claims judgment against Individual Defendants in the amount in excess of Seventy-Five Thousand Dollars ($75,000) which is fair and consistent with

the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

                                                   Respectfully Submitted,

                                                   /s/ Brandon K. McNeal_____
                                                 Brandon K. McNeal (P81300)
                                                 Attorney for Plaintiff
                                                 1120 E. Long Lake Rd., Suite 250
                                                 Troy, MI 48085
Dated: January 16, 2024                 (248) 466-0606 / (248) 466-0605

## **JURY DEMAND**

**NOW COMES** the Plaintiffs and demands trial of his cause by jury.

                                                   Respectfully Submitted,

                                                 /s/ Brandon K. McNeal_____
                                                 Brandon K. McNeal (P81300)
                                                 Attorney for Plaintiff
                                                 1120 E. Long Lake Rd., Suite 250
                                                 Troy, MI 48085
Dated: January 16, 2024                 (248) 466-0606 / (248) 466-0605